UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL YU,<br>        Plaintiff,<br>v.<br>ROSEMARY NDOH,<br>        Defendant. | Case No. 3:20-cv-06970-JD<br><br>**ORDER RE MOTION TO DISMISS PETITION**<br><br>Re: Dkt. No. 12 |

Respondent Ndoh has asked to dismiss Yu's petition for a writ of habeas corpus on grounds that he is in procedural default on two of the three claims for relief. Dkt. No. 12. Yu forthrightly acknowledges that he did not present the two challenged claims to the California Supreme Court, and that his time do so has "long expired." Dkt. No. 13 at 3. The parties' familiarity with the record is assumed, and the petition is dismissed with leave to amend.

Yu's sole argument against dismissal is that it would result in a fundamental miscarriage of justice. *See* Dkt. No. 13 at 3-4. The point is not well taken. An exception to a procedural default based on a potential miscarriage of justice is available only in the limited circumstance when the petitioner presents "new reliable evidence" that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup v. Delo*, 513 U.S. 298, 324-27 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)); *see also Wildman v. Johnson*, 261 F.3d 832, 842-43 (9th Cir. 2001) (petitioner must demonstrate "factual innocence"). To put a finer point on it, the petitioner bears the burden of establishing that, in light of all the evidence, including evidence not introduced at trial, "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327; *see also*

*House v. Bell*, 547 U.S. 518, 539 (2006). This exception applies only in "extraordinary" circumstances. *Schlup*, 513 U.S. at 327.

Yu has not satisfied these exacting standards. He did not proffer any evidence, new or otherwise, plausibly establishing actual innocence. He also did not argue for or demonstrate inadequate assistance of counsel during his post-conviction review proceedings in state court, or some objective external factor that might have impeded his or his lawyer's ability to properly exhaust his claims in state court. *See Martinez v. Ryan*, 566 U.S. 1, 14 (2012) (inadequate assistance standard); *Dickinson v. Shinn*, 2 F.4th 851, 857-58 (9th Cir. 2021) (same); *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (objective factor standard).

Consequently, the petition is dismissed. Leave is granted to file an amended petition that contains only the unexhausted claim. The petition must be filed by October 1, 2021. An unexcused failure to meet this deadline will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

Yu's alternative request for a stay and abeyance is denied. In light of Yu's concession that the time for pursuing state court review on the challenged claims has expired, there is no possibility that he can now exhaust state court remedies for those claims. *See King v. Ryan*, 564 F.3d 1133, 1139 (9th Cir. 2009) (purpose of stay and abeyance is to allow petitioner to exhaust state court remedies and amend petition with newly exhausted claims).

**IT IS SO ORDERED.**

Dated: September 1, 2021

JAMES DONATO
United States District Judge