1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAN YU,

             Petitioner,

      v.

MARTIN GAMBOA,

             Respondent.

Case No.  3:20-cv-06970-JD

**ORDER FOR RESPONDENT TO SHOW CAUSE**

Dan Yu, a state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The mixed petition was dismissed with leave to amend because two of the three claims he presented had not been exhausted.  Dkt. No. 15.  Yu filed an amended petition.  Dkt. No. 16.

## BACKGROUND

Yu was found guilty by a jury of six counts of committing a lewd or lascivious act on a child.  *People v. Yu*, No. H044305, 2019 WL 1577745, at *1 (Cal. Ct. App. Apr. 12, 2019).  He was sentenced to 16 years in prison.  *Id.* at *7.  The California Court of Appeal affirmed the judgment.  *Id.* at *1.  The California Supreme Court denied review.  Dkt. No. 16 at 2.

## DISCUSSION

### I.  STANDARD OF REVIEW

The Court may consider a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court

United States District Court
Northern District of California

1   must "specify all the grounds for relief available to the petitioner . . . [and] state the facts

2   supporting each ground."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254.

3   "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real

4   possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*,

5   431 F.2d 688, 689 (1st Cir. 1970)).

6   **II.      ANALYSIS**

7          Yu's original petition was dismissed with leave to file an amended petition that contained

8   only his exhausted claim for relief.  Dkt. No. 15.  His amended petition asserts that the state

9   court's decision, rejecting his claim of ineffective assistance of counsel, involved an unreasonable

10  application of clearly established Sixth Amendment law.  Dkt. No. 16 at 22-36.  The amended

11  petition advances "six distinct allegations of ineffective assistance of counsel," *id.* at 22, which

12  appear exhausted and are sufficient to require a response.

13                                    **CONCLUSION**

14         Respondent shall file with the Court and serve on Yu, within sixty (60) days of the

15  issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing

16  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

17  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state

18  trial record that have been transcribed previously and that are relevant to a determination of the

19  issues presented by the petition.

20         If Yu wishes to respond to the answer, he shall do so by filing a traverse with the Court

21  and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

22         **IT IS SO ORDERED.**

23  Dated:  October 4, 2022

24

25  _____

26  JAMES DONATO
    United States District Judge

27

28

2